# Matter of Reynaldo CASTRO-TUM, Respondent

*Decided by Attorney General January 4, 2018*

U.S. Department of Justice
Office of the Attorney General

The Attorney General referred the decision of the Board of Immigration Appeals to himself for review of issues relating to the authority to administratively close immigration proceedings, ordering that the case be stayed during the pendency of his review.

## BEFORE THE ATTORNEY GENERAL

Pursuant to 8 C.F.R. § 1003.l(h)(l)(i) (2017), I direct the Board of Immigration Appeals ("Board") to refer this case to me for review of its decision. The Board's decision in this matter is automatically stayed pending my review. *See Matter of Haddam*, A.G. Order No. 2380-2001 (Jan. 19, 2001). To assist me in my review, I invite the parties to these proceedings and interested amici to submit briefs on points relevant to the disposition of this case, including:

    1. Do Immigration Judges and the Board have the authority, under any statute, regulation, or delegation of authority from the Attorney General, to order administrative closure in a case? If so, do the Board's decisions in *Matter of Avetisyan*, 25 I&N Dec. 688 (BIA 2012), and *Matter of W-Y-U-*, 27 I&N Dec. 17 (BIA 2017), articulate the appropriate standard for administrative closure?

    2. If I determine that Immigration Judges and the Board currently lack the authority to order administrative closure, should I delegate such authority? Alternatively, if I determine that Immigration Judges and the Board currently possess the authority to order administrative closure, should I withdraw that authority?

    3. The regulations governing removal proceedings were promulgated for "the expeditious, fair, and proper resolution of matters coming before Immigration Judges." 8 C.F.R. § 1003.12 (2017). Are there any circumstances where a docket management device other than administrative closure—including a continuance for good cause shown (8 C.F.R. § 1003.29 (2017)), dismissal without prejudice (8 C.F.R. § 1239.2(c) (2017)), or termination without prejudice (8 C.F.R. § 1239.2(f))—would be inadequate to promote that objective? Should there be different legal consequences, such as eligibility to apply for a provisional waiver of certain grounds of inadmissibility under the immigration laws or for benefits under federal or state programs, where a case has been administratively closed rather than continued?

    4. If I determine that Immigration Judges and the Board do not have the authority to order administrative closure, and that such a power is unwarranted or unavailable, what actions should be taken regarding cases that are already administratively closed?

The parties' briefs shall not exceed 15,000 words and shall be filed on or before February 2, 2018. Interested amici may submit briefs not exceeding 9,000 words on or before February 9, 2018. The parties may submit reply briefs not exceeding 6,000 words on or before February 20, 2018. All filings shall be accompanied by proof of service and shall be submitted electronically to AGCertification@usdoj.gov, and in triplicate to:

United States Department of Justice
Office of the Attorney General, Room 5114
950 Pennsylvania Avenue, NW
Washington, DC 20530

All briefs must be both submitted electronically and postmarked on or before the pertinent deadlines. Requests for extensions are disfavored.