# Assistance of Counsel in Removal Proceedings (II)

The Attorney General's decision in *Matter of Compean, Bangaly & J-E-C-*, 24 I. & N. Dec. 710 (Att'y Gen. 2009); *Assistance of Counsel in Removal Proceedings (I)*, 33 Op. O.L.C. 1 (2009) (Mukasey, Att'y Gen.), is vacated.

The Acting Director of the Executive Office for Immigration Review shall initiate rulemaking procedures as soon as practicable to evaluate the pre-*Compean* framework for reviewing claims of ineffective assistance of counsel in deportation proceedings and to determine what modifications should be proposed for public consideration.

Pending the issuance of a final rule, the Board of Immigration Appeals and Immigration Judges should apply the pre-*Compean* standards to all pending and future motions to reopen removal proceedings based upon ineffective assistance of counsel.

June 3, 2009

OPINION IN REMOVAL PROCEEDINGS
MATTER OF ENRIQUE SALAS COMPEAN, RESPONDENT
MATTER OF SYLLA BANGALY, RESPONDENT
MATTER OF J-E-C-, ET AL., RESPONDENTS

On January 7, 2009, Attorney General Mukasey overruled in part the decisions of the Board of Immigration Appeals ("Board") in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and *Matter of Assaad*, 23 I. & N. Dec. 553 (BIA 2003), and affirmed the Board's orders denying reopening in *Matter of Compean*, A078 566 977 (BIA May 20, 2008), *Matter of Bangaly*, A078 555 848 (BIA Mar. 7, 2008), and *Matter of J-E-C-* (BIA Apr. 8, 2008). *See Matter of Compean, Bangaly & J-E-C-*, 24 I. & N. Dec. 710 (Att'y Gen. 2009) ("*Compean*"); *Assistance of Counsel in Removal Proceedings (I)*, 33 Op. O.L.C. 1 (2009) (Mukasey, Att'y Gen.).

In *Lozada*, the Board established the procedural requirements for filing a motion to reopen deportation (now removal) proceedings based upon a claim of ineffective assistance of counsel and required the alien to show that he was prejudiced by the action or inaction of his counsel. *Lozada*, 19 I. & N. Dec. at 639–40. The *Compean* decision acknowledged that the *Lozada* framework had "largely stood the test of time," having been expressly reaffirmed by the Board fifteen years after its initial adoption. *Compean*, 24 I. & N. Dec. at 731; *see also Assaad*, 23 I. & N. Dec. at 556–57 (affirming the application of *Lozada* to removal proceedings). Nonetheless, *Compean* both rejected *Lozada*'s constitutional reasoning and

57

ordered the Board not to rely upon the *Lozada* framework, even as a discretionary matter. Instead, *Compean* set forth, as an exercise of the Attorney General's administrative discretion, a new substantive and procedural framework for reviewing all such claims and a formulation of the prejudice showing different from that followed by many courts, despite the limited discussion of the *Lozada* framework in the briefs submitted in *Compean* by the parties and amici curiae. *Compean* further provided that this new administrative framework should apply "henceforth," even though the decision acknowledged it might conflict with the *Lozada*-based approach taken by a number of federal courts of appeals. *See Compean*, 24 I. & N. Dec. at 730 & n.8.

For the reasons stated herein, I have determined that it is appropriate to reconsider the January 7, 2009 decision.

Establishing an appropriate framework for reviewing motions to reopen immigration proceedings based on claims of ineffective assistance of counsel is a matter of great importance. I do not believe that the process used in *Compean* resulted in a thorough consideration of the issues involved, particularly for a decision that implemented a new, complex framework in place of a well-established and longstanding practice that had been reaffirmed by the Board in 2003 after careful consideration. The preferable administrative process for reforming the *Lozada* framework is one that affords all interested parties a full and fair opportunity to participate and ensures that the relevant facts and analysis are collected and evaluated.

Accordingly, I direct the Acting Director of the Executive Office for Immigration Review to initiate rulemaking procedures as soon as practicable to evaluate the *Lozada* framework and to determine what modifications should be proposed for public consideration. After soliciting information and public comment, through publication of a proposed rule in the Federal Register, from all interested persons on a revised framework for reviewing claims of ineffective assistance of counsel in immigration proceedings, the Department of Justice may, if appropriate, proceed with the publication of a final rule.

In *Compean*, the introduction of a new procedural framework depended in part on Attorney General Mukasey's conclusion that there is no constitutional right to effective assistance of counsel in removal proceedings. Because that conclusion is not necessary either to decide these cases

under pre-*Compean* standards or to initiate a rulemaking process, this Order vacates *Compean* in its entirety. To ensure that there is an established framework in place pending the issuance of a final rule, the Board and Immigration Judges should apply the pre-*Compean* standards to all pending and future motions to reopen based upon ineffective assistance of counsel, regardless of when such motions were filed. The litigating positions of the Department of Justice will remain unaffected by this Order. Finally, prior to *Compean*, the Board itself had not resolved whether its discretion to reopen removal proceedings includes the power to consider claims of ineffective assistance of counsel based on conduct of counsel that occurred after a final order of removal had been entered. Given the absence of a pre-*Compean* standard of the Board to apply pending issuance of a final rule, I resolve the question in the interim by concluding that the Board does have this discretion, and I leave it to the Board to determine the scope of such discretion.

Turning to the merits of the particular cases at issue, I find that, for the reasons stated by the Board, its orders denying reopening of the three matters reviewed in *Compean* were appropriate under the *Lozada* framework and standards as established by the Board before *Compean*. On that basis, I concur with Attorney General Mukasey's decision to affirm the Board's decisions denying reopening of these matters. *Compean*, 24 I. & N. Dec. at 743.

ERIC H. HOLDER, JR.<br>*Attorney General*