# Matter of L-E-A-, Respondent

*Decided by Attorney General June 16, 2021*

U.S. Department of Justice
Office of the Attorney General

(1)  *Matter of L-E-A-*, 27 I&N Dec. 581 (A.G. 2019) ("*L-E-A- II*"), is vacated in its entirety so as to return the immigration system to the preexisting state of affairs pending completion of the ongoing rulemaking process and the issuance of a final rule addressing the definition of "particular social group."

(2)  Immigration judges and the Board should no longer follow *L-E-A- II* when adjudicating pending and future cases.

## BEFORE THE ATTORNEY GENERAL

Pursuant to 8 C.F.R. § 1003.1(h)(1)(i), I direct the Board of Immigration Appeals ("Board") to refer this case to me for review. With the case thus referred, I hereby vacate the Attorney General's decision in *Matter of L-E-A-*, 27 I&N Dec. 581 (A.G. 2019) ("*L-E-A- II*").

Under the Immigration and Nationality Act ("INA"), the Attorney General may grant asylum to individuals who meet several statutory requirements, including that they have suffered or fear (1) "persecution," (2) "on account of," (3) their "race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A); *see* INA § 208(b)(1)(A), (B)(i), 8 U.S.C. § 1158(b)(1)(A), (B)(i).[1] On July 29, 2019, then-Attorney General Barr issued a decision in this matter considering whether a family may constitute a "particular social group" and holding that "in the ordinary case, a nuclear family will not, without more," qualify. *L-E-A- II*, 27 I&N Dec. at 589. Based on that holding, *L-E-A- II* overruled the portion of the prior decision of the Board finding that respondent's father's immediate family qualified as a "particular social group." *Id.* at 596–97 (overruling *Matter of L-E-A-*, 27 I&N Dec. 40, 42–43 (BIA 2017) ("*L-E-A- I*")). *L-E-A- II* also abrogated all other Board precedents inconsistent with its analysis. *Id.* at 597.

The President recently issued an executive order directing the Attorney General and the Secretary of Homeland Security to promulgate joint regulations "addressing the circumstances in which a person should be

---

[1]  The phrase "membership in a particular social group" also appears in the statutory provision that governs withholding of removal. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3).

considered a member of a 'particular social group.'" Exec. Order No. 14010, § 4(c)(ii), 86 Fed. Reg. 8267, 8271 (Feb. 2, 2021). In the past, my predecessors have vacated Attorney General or Board decisions in light of pending or future rulemakings. *See Matter of Compean*, 25 I&N Dec. 1, 2–3 (A.G. 2009); *Matter of R-A-*, 22 I&N Dec. 906, 906 (BIA 1999, A.G. 2001). I have concluded that the same course of action is appropriate here.

As *L-E-A- II* acknowledged, its analysis is inconsistent with the decisions of several courts of appeals that have recognized families as particular social groups. 27 I&N Dec. at 589–90; *see, e.g.*, *Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015); *Crespin-Valladares v. Holder*, 632 F.3d 117, 125 (4th Cir. 2011); *Torres v. Mukasey*, 551 F.3d 616, 629 (7th Cir. 2008); *Gebremichael v. INS*, 10 F.3d 28, 36 (1st Cir. 1993). In a decision vacating a prior Attorney General opinion that was a similar departure from existing law, one of my predecessors explained that "[t]he preferable administrative process" for reconsidering the existing approach to a "complex" immigration-law question of "great importance" is generally rulemaking because it "affords all interested parties a full and fair opportunity to participate and ensures that the relevant facts and analysis are collected and evaluated." *Compean*, 25 I&N Dec. at 2. Here, too, I have determined that the pending rulemaking specifically addressing the meaning of "particular social group" is the preferable administrative process for considering these issues.[2]

For these reasons, I conclude that *L-E-A- II* should be vacated in its entirety so as to return the immigration system to the preexisting state of affairs pending completion of the ongoing rulemaking process and the issuance of a final rule addressing the definition of "particular social group." Immigration judges and the Board should no longer follow *L-E-A- II* when adjudicating pending and future cases.

As for the disposition of this case, I do not address the Board's conclusion that even if respondent's father's immediate family qualified as a "particular social group," respondent had "failed to establish a nexus" between his membership in that group and "the persecution that he alleged and feared." *L-E-A- II*, 27 I&N Dec. at 597. I also do not disturb the Board's

---

[2] I find further support for vacating *L-E-A- II* in the fact that its analysis of "particular social group" was unnecessary to decide this case because the Board had rejected respondent's asylum claim on another ground. *See L-E-A- II*, 27 I&N Dec. at 584, 597; *see also Compean*, 25 I&N Dec. at 2–3 (vacating a prior Attorney General decision in part because a conclusion in the decision was unnecessary to decide the case); *cf. Matter of Leon-Orosco & Rodriguez-Colas*, 19 I&N Dec. 136, 152 (BIA 1983, A.G. 1984) (expressing reluctance "to insist that the Board provide an exegesis on the phrase 'membership in a particular social group'" when it was unnecessary to decide the case and noting that "such a discussion would have the earmarks of an advisory opinion").

determination that the immigration judge failed to make sufficient factual findings to assess respondent's claim under the Convention Against Torture. *L-E-A- I*, 27 I&N Dec. at 47.  I therefore remand this case to the immigration judge for further proceedings consistent with this opinion.[3]

---

[3]   Consistent with administrative and judicial precedent, I also conclude that jurisdiction over this matter is proper even though respondent's charging document lacked certain information about the first hearing.  *See, e.g.*, *Matter of Aguilar-Mendez*, 28 I&N Dec. 262, 267 (BIA 2021) (collecting cases); *see also L-E-A- II*, 27 I&N Dec. at 585–86 (noting that respondent had raised this challenge and rejecting it).