# Matter of CRUZ-VALDEZ, Respondent

*Decided by Attorney General July 15, 2021*

U.S. Department of Justice
Office of the Attorney General

(1) *Matter of Castro-Tum*, 27 I&N Dec. 271 (A.G. 2018), is overruled in its entirety.

(2) While rulemaking proceeds and except when a court of appeals has held otherwise, immigration judges and the Board should apply the standard for administrative closure set out in *Matter of Avetisyan*, 25 I&N Dec. 688 (BIA 2012), and *Matter of W-Y-U-*, 27 I&N Dec. 17 (BIA 2017).

## BEFORE THE ATTORNEY GENERAL

Pursuant to 8 C.F.R. § 1003.1(h)(1)(i), I direct the Board of Immigration Appeals ("Board") to refer to me its decision in this matter. With the case thus referred, I hereby vacate the Board's July 31, 2018, decision and remand the case to the Board for proceedings consistent with this opinion. I also overrule Attorney General Sessions's opinion in *Matter of Castro-Tum*, 27 I&N Dec. 271 (A.G. 2018), which concluded that the immigration courts' use of the tool of administrative closure was not authorized.

Administrative closure is "a docket management tool that is used to temporarily pause removal proceedings." *Matter of W-Y-U-*, 27 I&N Dec. 17, 18 (BIA 2017). It does not terminate or dismiss the case, but rather "remove[s] a case from an Immigration Judge's active calendar or from the Board's docket." *Matter of Avetisyan*, 25 I&N Dec. 688, 692 (BIA 2012). Immigration judges have employed administrative closure for many decades. *See generally Matter of Amico*, 19 I&N Dec. 652, 653 (BIA 1988) (first Board case to address the practice, accepting an interlocutory appeal "in order to insure proper use of the administrative closing procedure"); *see also Garcia-DeLeon v. Garland*, 999 F.3d 986, 989 (6th Cir. 2021) ("For at least three decades, immigration judges and the [Board] regularly administratively closed cases." (citing Memorandum for All Immigration Judges from William R. Robie, Chief Immigration Judge, Executive Office for Immigration Review, *Re: Operating Policy and Procedure 84-2: Cases in Which Respondents/Applicants Fail to Appear for Hearing* at 1 (Mar. 7, 1984) (explaining that immigration judges "may, in appropriate circumstances[,] . . . order that [a] case be administratively closed"))). It has become a routine "tool used to regulate proceedings" and "manage an Immigration Judge's calendar (or the Board's docket)." *Avetisyan*, 25 I&N Dec. at 694. It has been used, for example, to pause cases while the United

States Citizenship and Immigration Services ("USCIS") adjudicates a noncitizen's pending visa petition, or a noncitizen facing removal on criminal grounds pursues direct appeal or post-conviction relief in criminal court. It also has served to facilitate the exercise of prosecutorial discretion, allowing government counsel to request that certain low-priority cases be removed from immigration judges' active calendars or the Board's docket, thereby allowing adjudicators to focus on higher-priority cases.[1]

Respondent, a Mexican national, moved before the immigration judge to administratively close his case while he submitted a Form I-601A, *Application for Provisional Unlawful Presence Waiver*, with USCIS. The application, if granted, would provisionally waive the unlawful presence ground of inadmissibility, allowing respondent to return to Mexico to process his visa at a consulate and return to the United States thereafter. *See* 8 C.F.R. § 212.7(e). USCIS regulations provide that noncitizens in removal proceedings are ineligible for a provisional unlawful presence waiver "unless the[ir] removal proceedings are administratively closed and have not been recalendared at the time of filing the application" for the waiver. *Id.* § 212.7(e)(4)(iii).[2] The immigration judge and, later, the Board on appeal, denied respondent's motion for administrative closure. *See Matter of*

---

[1] In *Avetisyan*, the Board authorized immigration judges and the Board to administratively close a case over the objection of one party after considering the following factors:

> (1) the reason administrative closure is sought;
>
> (2) the basis for any opposition to administrative closure;
>
> (3) the likelihood the respondent will succeed on any petition, application, or other action he or she is pursuing outside of removal proceedings;
>
> (4) the anticipated duration of the closure;
>
> (5) the responsibility of either party, if any, in contributing to any current or anticipated delay; and
>
> (6) the ultimate outcome of removal proceedings . . . when the case is recalendared before the Immigration Judge or the appeal is reinstated before the Board.

25 I&N Dec. at 696. The Board subsequently clarified that "the primary consideration for an Immigration Judge in determining whether to administratively close" a case over a party's objection "is whether the party opposing administrative closure has provided a persuasive reason for the case to proceed and be resolved on the merits." *W-Y-U-*, 27 I&N Dec. at 20 & n.5.

[2] Notably, a noncitizen who is "subject to an administratively final order of removal" is not ineligible for a provisional unlawful-presence waiver if he "has already filed and USCIS has already granted, before [he] applies for a provisional unlawful presence waiver . . . , an application for consent to reapply for admission." 8 C.F.R. § 212.7(e)(4)(iv).

*Cruz-Valdez*, slip op. (BIA July 31, 2018). The Board found that administrative closure was foreclosed by the Attorney General's opinion in *Castro-Tum*. *Id.* at *1.

In *Castro-Tum*, following briefing on the relevant issues, Attorney General Sessions concluded that administrative closure was not authorized by statute, regulation, or delegation from the Attorney General. 27 I&N Dec. 187 (A.G. 2018) (referral order); 27 I&N Dec. at 283 (opinion). He found that neither 8 C.F.R. §§ 1003.10(b) nor 1003.1(d)(1)(ii), which provide respectively that immigration judges or the Board "may take any action consistent with their authorities under the [Immigration and Nationality] Act and regulations" that "is appropriate and necessary for the disposition" of such cases, conferred authority to grant administrative closure because administrative closure allowed "indefinite[] suspen[sion]" of cases rather than their disposition. 27 I&N Dec. at 284–85. He similarly concluded that other Department of Justice regulations could not reasonably be interpreted as implicitly delegating such authority. *Id.* at 285–87. Accordingly, the Attorney General instructed that "[c]ases that have been administratively closed absent a specific authorizing regulatory provision or judicially approved settlement shall be recalendared upon motion of either party," overruling all inconsistent Board precedents. *Id.* at 274.

I have determined that it is appropriate to overrule Attorney General Sessions's opinion in *Castro-Tum*. Because that opinion formed the basis for the Board's decision in this case, I vacate that decision as well. To date, three courts of appeals have rejected *Castro-Tum*, holding that administrative closure is "plainly within an immigration judge's authority" under Department of Justice regulations. *Meza Morales v. Barr*, 973 F.3d. 656, 667 (7th Cir. 2020) (Barrett, J.); *see Arcos Sanchez v. Att'y Gen. U.S. of Am.*, 997 F.3d 113, 121–22 (3d Cir. 2021); *Romero v. Barr*, 937 F.3d 282, 292 (4th Cir. 2019). Only one court of appeals has upheld *Castro-Tum*, *see Hernandez-Serrano v. Barr*, 981 F.3d 459, 464 (6th Cir. 2020), but even that court subsequently ruled that immigration judges and the Board do have authority to grant administrative closure in order to permit a noncitizen to apply for a provisional unlawful presence waiver, *see Garcia-DeLeon*, 999 F.3d at 991–93.

On December 16, 2020, the Department of Justice issued a final rule aimed at resolving this disagreement among the courts of appeals. *Appellate Procedures and Decisional Finality in Immigration Proceedings; Administrative Closure*, 85 Fed. Reg. 81588, 81598 (Dec. 16, 2020). The regulation effectively codified *Castro-Tum*, providing that nothing in the regulations defining the authorities of immigration judges and the Board "shall be construed as authorizing" an immigration judge or the Board "to administratively close or otherwise defer adjudication of a case unless

a regulation promulgated by the Department of Justice or a previous judicially approved settlement expressly authorizes such an action." *Id.* at 81651, 81655 (amending 8 C.F.R. §§ 1003.1 and 1003.10). A few months later, the 2020 rule was preliminarily enjoined nationwide for failure to comply with the Administrative Procedure Act. *Centro Legal de La Raza v. Exec. Office for Immigration Review*, No. 21-cv-463, 2021 WL 916804, at *1 (N.D. Cal. Mar. 10, 2021). The Department of Justice is now engaged in a reconsideration of that regulation.

Because *Castro-Tum* departed from long-standing practice, it is appropriate to overrule that opinion in its entirety and restore administrative closure pending the reconsideration of the 2020 rule through notice-and-comment rulemaking, which will "afford[] all interested parties a full and fair opportunity to participate and ensure[] that the relevant facts and analysis are collected and evaluated." *Matter of Compean*, 25 I&N Dec. 1, 2 (A.G. 2009). Accordingly, while the reconsideration proceeds and except when a court of appeals has held otherwise, immigration judges and the Board should apply the standard for administrative closure set out in *Avetisyan* and *W-Y-U-*.