**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARLA PATRICIA GOMEZ DE CHACON, | No.   22-1629 |
| Petitioner, | Agency No. A201-426-637 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2023[**]
Pasadena, California

Before:  M. SMITH, LEE, and VANDYKE, Circuit Judges.

Karla P. Gomez de Chacon, a native and citizen of El Salvador, petitions for

review of a decision of the Board of Immigration Appeals (BIA) denying her motion

to reopen removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252, and

we deny the petition.  Because we assume the parties' familiarity with the facts, we

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel grants the Petitioner's unopposed motion to submit the case on the briefs and record without oral argument (Dkt. 27).

do not recount them here.

1.    The BIA did not err in declining to apply equitable tolling to the motion to reopen deadline.  We review the denial of a motion to reopen for an abuse of discretion.  *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).  We recognize "equitable tolling of deadlines . . . on motions to reopen . . . during periods when a petitioner is *prevented from filing* because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Lona v. Barr*, 958 F.3d 1225, 1230 (9th Cir. 2020) (emphasis added) (quoting *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003)).  As here, claims for equitable tolling "typically arise in conjunction with claims of ineffective assistance of counsel . . . ." *Id.*

First, Gomez de Chacon has not alleged that she was "prevented from filing" her motion to reopen due to ineffective assistance of counsel.  Each alleged act of ineffective assistance occurred after March 18, 2020, the date her motion to reopen was due.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (requiring a "motion to reopen [to be] filed within 90 days of the date of entry of a final administrative order of removal"); 8 U.S.C. § 1101(a)(47)(B)(i) (specifying when an order of removal "become[s] final").  Thus, no alleged ineffective assistance could have affected Petitioner's ability to meet the filing deadline.

Second, the agency leaves the BIA with the power to "determine the scope"

2

of whether "its discretion to reopen removal proceedings includes the power to consider claims of ineffective assistance of counsel based on conduct of counsel that occurred after a final order of removal had been entered." *Matter of Compean*, 25 I. & N. Dec. 1, 3 (A.G. 2009). The BIA permissibly exercised its discretion in declining to exercise jurisdiction over claims occurring in outside tribunals after the conclusion of removal proceedings. *See id*. Accordingly, the BIA did not abuse its discretion in denying Gomez de Chacon's motion to reopen because of its untimeliness.

2.      The BIA also maintains sua sponte authority to reopen proceedings if it is persuaded "that the respondent's situation is truly exceptional." *Lona*, 958 F.3d at 1230 (citing 8 C.F.R. § 1003.2(a) and quoting *Bonilla v. Lynch*, 840 F.3d 575, 585 (9th Cir. 2016)). The BIA declined to do so here, and we affirm. We have authority to review a denial of a sua sponte reopening for "legal or constitutional error." *Bonilla*, 840 F.3d at 588. However, Petitioner did not raise a challenge to the BIA's denial to reopen proceedings sua sponte in her opening brief and thus waived the argument. *See United States v. Kirilyuk*, 29 F.4th 1128, 1136 (9th Cir. 2022).

**PETITION DENIED IN PART AND DISMISSED IN PART.**