NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 5 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CLAUDIA SUSANA TORRES URENA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.    18-72843

Agency No. A096-571-218

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2026[**]
Pasadena, California

Before:  LEE, KOH, and DE ALBA, Circuit Judges.

Petitioner Claudia Torres Urena ("Torres Urena" or "Petitioner"), a citizen

of Mexico, seeks review of a Board of Immigration Appeals ("BIA") decision

dismissing her appeal from an immigration judge's ("IJ") order that deemed her

applications for withholding of removal and protection under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT") abandoned. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

Where, as here, the BIA agrees with the IJ's reasoning and supplements that reasoning with its own analysis, this Court reviews both decisions to the extent the BIA, in reaching its decision, relied on the grounds considered by the IJ. *See Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016); *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011). This Court reviews the BIA's factual findings under the highly deferential substantial evidence standard and reviews de novo both purely legal questions and mixed questions of law and fact. *See Mendoza-Pablo v. Holder*, 667 F.3d 1308, 1312 (9th Cir. 2012). This Court also reviews "an IJ's decision to deem applications waived for failing to adhere to deadlines imposed under 8 C.F.R. § 1003.31 . . . [for] abuse of discretion." *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013).

1. The BIA did not abuse its discretion when it affirmed the IJ's order deeming the applications for withholding of removal and protection under CAT abandoned. The IJ set the deadline to file any application and supplemental documentation for August 3, 2017. The IJ also provided a written warning that "[f]ailure to timely file the [] documents will result in the conclusion that such applications are abandoned." Nevertheless, Petitioner's counsel did not file an application for relief or protection from removal nor did he request an extension to

2

file these documents. As such, "[n]either the IJ nor the Board abused their discretion in holding that [Petitioner] had waived her application for relief and protection." *See id.* at 889.

2.    Petitioner failed to establish a claim for ineffective assistance of counsel. "Before making an ineffective assistance of counsel claim, a[] [noncitizen] generally must comply with procedural requirements established by the BIA in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988) and adopted by this [C]ourt." *Iturribarria v. I.N.S.*, 321 F.3d 889, 900 (9th Cir. 2003); *see also Matter of Compean*, 25 I. & N. Dec. 1, 2 (BIA 2009) (reinstating *Lozada*'s procedural framework). Here, Petitioner did not establish "compliance with any of the criteria [] set forth in *Matter of Lozada*" in her appeal to the BIA or this Court. And, as discussed *infra*, the record does not demonstrate "a clear and obvious case of ineffective assistance." *See Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1227 (9th Cir. 2002).

Petitioner also did not establish "that counsel failed to perform with sufficient competence, and . . . that she was prejudiced by counsel's performance." *See Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005). First, substantial evidence in the record indicates that Petitioner's former counsel's decision not to file the applications was not an incompetent decision but rather a tactical one. For instance, after discussing the case with Petitioner, her former counsel believed that

she did not qualify for relief or protection from removal because "[s]he [did not] meet any of the five enumerated grounds" and "her main concern was that of her three . . . U.S. citizen children" and not her safety. "Petitioners are generally bound by the conduct of their attorneys, including admissions made by them, absent egregious circumstances." *See Magallanes-Damian v. I.N.S.*, 783 F.2d 931, 934 (9th Cir. 1986); *United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981) (holding that "difference of opinion with respect to [] tactics . . . generally does not constitute a denial of effective assistance of counsel"). Further, even if Petitioner's former counsel was experiencing personal difficulties, there is no indication in the record that he was "not right of mind" or "lack[ed] expertise" when making this tactical decision.

Second, her former counsel's performance did not prejudice Petitioner because she did not "demonstrate[], at a minimum, that the asserted ground[s] for relief [are] at least plausible." *See Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015). Specifically, Petitioner did not present facts or meaningful arguments to the BIA or this Court that demonstrate she is entitled to any form of relief or protection. Moreover, when interviewed by immigration officials, Petitioner stated that "she left her home country because she is afraid of all the violence that is going on in her town." However, vague assertions of a generalized fear of violence are insufficient to meet the standard necessary for withholding of

4

removal or CAT protection. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("A[] [noncitizen's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to [p]etitioners and is insufficient to meet [the CAT] standard.").

3.      Finally, this Court has held that although a Notice to Appear ("NTA") must "contain the date and time of the removal hearing, this provision chiefly concerns the notice the government must provide noncitizens regarding their removal proceedings, not the authority of immigration courts to conduct those proceedings." *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1192 (9th Cir. 2022) (en banc) (citation omitted). Thus, the "filing of an undated NTA that is subsequently supplemented with a notice of hearing fully complies with [8 C.F.R. § 1003.14]" and does not deprive the immigration court of jurisdiction. *Id.* at 1193. Here, Petitioner received five notices of hearing that listed the date, time, and locations of her upcoming removal hearings.[1]

**PETITION DENIED.[2]**

---

[1]      In her appeal to the BIA, Torres Urena also argued that the IJ erred by not allowing her to withdraw her application for admission. However, Petitioner abandoned this claim in her opening brief here. As such, Petitioner has forfeited this claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

[2]      The temporary stay of removal remains in place until the mandate issues.