**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-14111

Non-Argument Calendar

_____

OSCAR GARCIA-ISLAS,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A201-234-525

_____

Before NEWSOM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Oscar Garcia-Islas petitions for review of an order of the Board of Immigration Appeals ("BIA"), denying his motion to reopen his removal proceedings as untimely. Garcia-Islas argues he is

entitled to equitable tolling and that the BIA erred in concluding otherwise.  After careful review, we deny the petition for review.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Garcia-Islas, a native and citizen of Mexico, entered the United States without admission in October 1996.  He has lived in the United States ever since and, during that time, has had three children, who are each U.S. citizens.  In June 2011, the Department of Homeland Security issued Garcia-Islas a notice to appear, charging him as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i), as a non-citizen present in the United States without admission or parole.  Garcia-Islas, represented by counsel, admitted to the factual allegations in the notice and conceded that he was removable as charged.  Garcia-Islas applied for cancellation of removal, under INA § 240A(b), 8 U.S.C. § 1229b(b), arguing, among other things, that his removal would result in exceptional and extremely unusual hardship to his U.S. citizen children.  *See Lopez-Martinez v. U.S. Att'y Gen.*, 149 F.4th 1202, 1204, 1211–13 (11th Cir. 2025) (describing the statutory framework applicable to cancellation applications).

On September 17, 2018, an immigration judge ("IJ") denied Garcia-Islas's application and ordered him removed to Mexico, concluding that his removal would not result in exceptional and extremely unusual hardship to Garcia-Islas's U.S. citizen children. Garcia-Islas administratively appealed, but the BIA summarily dismissed his appeal in December 2020.  The BIA explained that Garcia-Islas had, by regulation, 30 days to administratively appeal the

25-14111                Opinion of the Court                3

IJ's decision, but had failed to timely do so because his appeal was not received by the BIA until October 18, 2018—31 days after the IJ's decision. Nothing further occurred in the case for several years.

In July 2024, Garcia-Islas, through new counsel, moved to reopen the proceedings. He argued that his case should be reopened because his attorney was ineffective or, alternatively, that the BIA should exercise its own *sua sponte* authority to reopen the case. He also explained that, in January 2021, he had met with his former attorney, who told him "that there was nothing that could be done and that everything was already over." He argued that this poor advice caused him to fail to file a motion to reopen in a timely manner. Garcia-Islas also alleged that, in June 2024, he received a letter instructing him to report for removal on July 25, 2024. At this point, he obtained new counsel and moved to reopen the proceedings.

In October 2025, the BIA denied Garcia-Islas's motion to reopen. The BIA explained that the motion was untimely because it was filed several years after its 2020 order summarily dismissing Garcia-Islas's administrative appeal. While it recognized that Garcia-Islas had shown that he had complied with the procedural requirements to bring an ineffectiveness claim against his former attorney,[1] it reasoned that he had not shown that he had acted with the due diligence required for the 90-day deadline for motions to

---

[1] *See Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), *overruled in part by Matter of Compean*, 24 I. & N. Dec. 710, 710 (A.G. 2009), *reinstated by Matter of Compean*, 25 I. & N. Dec. 1 (A.G. 2009).

reopen to be equitably tolled, and it noted that Garcia-Islas did not dispute that he was aware of the order that it had issued in December 2020. The BIA also declined to reopen the proceedings *sua sponte*, concluding that there were no exceptional circumstances warranting that relief. Garcia-Islas petitioned for review of the BIA's order denying his motion to reopen.

## II. STANDARD AND SCOPE OF REVIEW

We review the BIA's denial of a motion to reopen for an abuse of discretion, although we "review any underlying legal conclusions *de novo*." *Dacostagomez-Aguilar v. U.S. Att'y Gen.*, 40 F.4th 1312, 1315 (11th Cir. 2022).[2] The BIA can abuse its discretion by misapplying the law in reaching its decision, or by failing to follow "its own precedents without providing a reasoned explanation for doing so." *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013). In deciding whether to uphold the BIA's decision, we are limited to the grounds upon which the BIA relied. *Gonzalez v. U.S. Att'y. Gen.*, 820 F.3d 399, 403 (11th Cir. 2016), *abrogated in part on other grounds by Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412–13 (2024); *see also Seck v. U.S. Att'y Gen.*, 663 F.3d 1356, 1364 (11th

---

[2] Generally speaking, the application of the equitable tolling standard to a set of undisputed facts is a question of law. *See Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 226–27 (2020); *see also Beazer v. Richmond Cnty. Constructors, LLC*, 169 F.4th 1082, 1086 (11th Cir. 2026) ("We also review *de novo* whether undisputed facts satisfy the legal prerequisites for equitable tolling."). Yet, whether the issue is subject to *de novo* or abuse of discretion review in this context is irrelevant because, under any standard, the outcome here is the same.

Cir. 2011) ("We review only the BIA's decision except to the extent that the BIA expressly adopts the IJ's opinion or reasoning.").

## III. DISCUSSION

Garcia-Islas argues that the agency erred in concluding he failed to show due diligence. He asserts that his initial attorney was ineffective and he relied on counsel's advice that "there was nothing else to be done" after receiving the first BIA order. However, he does not explain what steps he took between 2020 and 2024 to show reasonable diligence. Instead, he argues that, after receiving a threatening letter from Immigration and Customs Enforcement in 2024, he had "an urgent awareness" and sought different counsel. He contends the BIA failed to determine when a reasonable person would have discovered his counsel's ineffectiveness and should have equitably tolled the deadline for moving to reopen until that point. He also argues that his motion provided "additional important humanitarian reasons" for the reconsideration of his application for cancellation of removal.

As a general matter, a motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal. INA § 240(c)(7)(C)(i); 8 U.S.C. § 1229a(c)(7)(C)(i).[3] This 90-day deadline "is a non-jurisdictional claim-processing rule subject to equitable tolling." *Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1365 (11th Cir. 2013) (*en banc*). "Equitable tolling is appropriate

---

[3] There are several statutory exceptions to this 90-day deadline, *see* INA § 240(c)(7)(C)(ii)–(iv); 8 U.S.C. § 1229a(c)(7)(C)(ii)–(iv), but they are not at issue here.

when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A claim of ineffective assistance of counsel can form the basis for an equitable tolling argument. *See Ruiz-Turcios v. U.S. Att'y Gen.*, 717 F.3d 847, 851 (11th Cir. 2013) (explaining that, in such circumstances, a movant must show both ineffective assistance of counsel and equitable tolling, but that "the facts underlying" those two arguments may be the same (emphasis omitted)). That said, equitable tolling is an extraordinary remedy. *See Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) ("Because equitable tolling is 'an extraordinary remedy,' it 'is limited to rare and exceptional circumstances' and 'typically applied sparingly.'" (quoting *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007))). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653 (2010) (quotation marks and citations omitted). Yet, a party seeking the relief of equitable tolling generally must "explain why [he] waited" as long as he did. *United States v. Watkins*, 880 F.3d 1221, 1226 & n.2 (11th Cir. 2018).

On these facts, we discern no error by the BIA in concluding that Garcia-Islas failed to exercise due diligence. Garcia-Islas filed his motion to reopen three and a half years after receiving the BIA's 2020 order summarily dismissing his administrative appeal as untimely. The undisputed facts show, as the BIA concluded, that Garcia-Islas was on notice by December 31, 2020, that his administrative appeal had been dismissed as untimely. Even if Garcia-Islas

reasonably relied on his attorney's advice, in January 2021, that there was nothing to be done with his case, Garcia-Islas did not seek any form of relief in the intervening years. He also did not (and does not) explain why it should qualify as "reasonable diligence," for him to have waited so long before moving to reopen. *Holland*, 560 U.S. at 653; *Watkins*, 880 F.3d at 1226 & n.2. Under these circumstances, the BIA's order did not require "maximum" diligence, just the "reasonable" diligence that is required for equitable tolling. *Holland*, 560 U.S. at 653. The BIA correctly concluded—based on the record and the lack of any explanation from Garcia-Islas on why he waited so long—that Garcia-Islas has not shown reasonable diligence. *Id.*; *Watkins*, 880 F.3d at 1226 & n.2.[4]

We further note that Garcia-Islas did not petition for review of the BIA's 2020 order dismissing his administrative appeal as untimely. *Cf. Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 870 (11th Cir. 2018) ("[W]e do not have jurisdiction to review earlier trips through immigration proceedings . . . ."), *overruled in part on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 419–23 & n.2 (2023). More importantly, he did not make reasonable efforts to

---

[4] To the extent that Garcia-Islas argues the BIA should have explained when a reasonable individual in his position would have determined that his counsel had performed ineffectively, we agree that this is the sort of question relevant in these circumstances. However, the BIA necessarily considered this question—by reasoning that Garcia-Islas "ha[d] not shown" due diligence, it concluded he had not shown it was reasonable to wait as long as he did, even assuming that his attorney was ineffective. *See Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (explaining that the burden of showing equitable tolling falls on the party asserting it).

get relief from that order. *See, e.g., Coney Island Auto Parts Unlimited, Inc. v. Burton*, 607 U.S. 155, 159 (2026) ("[S]tatutes and rules routinely limit the time during which a party can seek relief from a judgment infected by error."). At bottom, because the facts in the record establish that Garcia-Islas "is unable to meet the requirements that would allow for" equitable tolling, we must deny the petition for review. *Watkins*, 880 F.3d at 1227.

To the extent that Garcia-Islas argues that he established extraordinary circumstances, including by showing "important humanitarian reasons" that justify remand, that issue is not before us. Accordingly, we need not, and do not, reach that question. *See Gonzalez*, 820 F.3d at 403 (explaining that we generally only review the BIA's rationale); *Seck*, 663 F.3d at 1369 (same); *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (explaining that, generally, "courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach").[5]

---

[5] Garcia-Islas also does not argue on appeal that the BIA should have *sua sponte* reopened his proceedings, and therefore we do not consider that question either. *See Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1145 (11th Cir. 2010) ("Generally, when an appellant fails to offer argument on an issue, that issue is deemed abandoned."); *see also Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1285 (11th Cir. 2016) (explaining that our jurisdiction over the BIA's *sua sponte* reopening decisions is narrow).

## IV. CONCLUSION

For the reasons we have explained, the BIA did not err in denying Garcia-Islas's motion to reopen as untimely.  Accordingly, we deny the petition for review.

**PETITION DENIED.**