[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13298
Non-Argument Calendar

_____

Agency No. A099-385-201

RENATA FRANCA FERREIRA REIS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 23, 2014)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Renata Reis, a native and citizen of Brazil, petitions this Court to review a decision of the Board of Immigration Appeals (BIA) denying her second motion to reopen her removal proceedings.  After careful review, we deny in part and dismiss in part Reis's petition for review.

We review the denial of a motion to reopen for an abuse of discretion.  Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009).  Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner.  Id.  The Immigration and Nationality Act (INA) states that an alien may file only one motion to reopen proceedings with the BIA.  INA § 240(c)(7)(A), 8 U.S.C. § 1229a(c)(7)(A).  The INA also states that a motion to reopen must generally be filed within 90 days after the BIA enters its final administrative order of removal.  INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i).

Given these restrictions on motions to reopen, we cannot say that the BIA abused its discretion by denying Reis's second motion to reopen.  Reis does not dispute that the INA allows a petitioner to file only one motion to reopen.  See INA § 240(c)(7)(A), 8 U.S.C. § 1229a(c)(7)(A).  Neither does she allege that an exception to this rule applies here.  See id.  She therefore has abandoned this argument on appeal.  See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).  In any event, the BIA also properly rejected Reis's motion because it was untimely filed on May 30, 2013, more than 90 days after the BIA

issued its final administrative removal order on February 16, 2012. See INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i).

Reis implies that her second motion to reopen was timely because she had petitioned this Court to review the BIA's first motion to reopen, which was not dismissed until May 14, 2013. Reis also points out that she had filed a motion to reconsider with this Court, which was not denied until August 14, 2013. Reis's argument is unavailing, however, because the INA does not delay the deadline for filing a motion to reopen simply because there are pending proceedings in this Court. Cf. INA § 240(c)(7)(C), 8 U.S.C. § 1229a(c)(7)(C) (providing an exhaustive list of the exceptions to the 90-day deadline for motions to reopen). As a result, we deny Reis's petition to review the BIA's denial of her motion to reopen.

Finally, to the extent Reis petitions this Court to review the BIA's refusal to reopen her proceedings on its own motion, we must dismiss the petition because we lack jurisdiction. See Lenis v. U.S. Att'y Gen., 525 F.3d 1291, 1294 (11th Cir. 2008) ("[W]e hold that the BIA's decision whether to reopen proceedings on its own motion pursuant to 8 C.F.R. § 1003.2(a) is committed to agency discretion by law. We are, therefore, constrained to conclude that we lack jurisdiction to review the BIA's decision in this case.").

**PETITION DENIED IN PART, DISMISSED IN PART.**

3