[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14779
Non-Argument Calendar
_____

Agency No. A074-626-501

AKINYEMI OLUFEMI BAMISAIYE,
a.k.a. Yemi Bamisaiye,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 23, 2014)

Before ED CARNES, Chief Judge, TJOFLAT and JORDAN, Circuit Judges.

PER CURIAM:

Akinyemi Bamisaiye, a citizen of Nigeria and former lawful permanent

resident of the United States, petitions this Court for review of the Board of

Immigration Appeals' (BIA) denial of his second motion to reopen his removal proceedings.

I.

Bamisaiye entered the United States as a student in 1986. In 2006 he became a lawful permanent resident. He pleaded guilty in 2009 to one count each of mail fraud and money laundering. The district court found that Bamisaiye's crimes resulted in a total loss to the victims of about $1.3 million. As a result of his conviction, the Department of Homeland Security began removal proceedings against him.

In 2012 an immigration judge (IJ) ordered Bamisaiye's removal to Nigeria. During that removal proceeding, Bamisaiye conceded that his conviction made him removable. See 8 U.S.C. § 1227(a)(2)(iii); 8 U.S.C. § 1101(a)(43)(M)(i). Instead of challenging his removability head-on, he sought a waiver of removability based on the "extreme hardship" his removal would cause his wife and children — all of whom are United States citizens. See 8 U.S.C. § 1182(h) (allowing discretionary waivers when removal would result in "extreme hardship" to an alien's qualifying relatives). The IJ denied Bamisaiye's application for an extreme hardship waiver and ordered him removed to Nigeria.

Bamisaiye then filed with the BIA a number of requests for relief from that order, each of which the BIA rejected. It first dismissed his direct appeal of the

2

IJ's removal order. It then denied his motion to reconsider its dismissal of his appeal. Finally, the BIA denied Bamisaiye's motion requesting that it reopen his removal proceeding and stay his removal.

Meanwhile, Bamisaiye filed his first petition for review with this Court. See Bamisaiye v. U.S. Att'y Gen., No. 12-15030 (11th Cir. May 29, 2013) ("2013 Order"). That first petition sought review of the BIA's dismissal of Bamisaiye's appeal, not its denial of his later motions. We dismissed that petition.

After we dismissed that petition, Bamisaiye filed a second motion to reopen his removal proceeding with the BIA. The BIA denied that second motion as both time- and number-barred.[1] Although exceptional circumstances sometimes allow it to grant time- or number-barred motions to reopen, the BIA concluded that Bamisaiye was "statutorily ineligible for relief" regardless of those exceptions, because on direct appeal it had accepted the IJ's finding that Bamisaiye had committed a "particularly serious crime." See 8 U.S.C. § 1231(b)(3)(B)(ii) (barring relief from removal where "the alien, having been convicted by a final judgment of a particularly serious crime[,] is a danger to the community"); 8 C.F.R. § 1208.16(d)(2) (clarifying that this denial of relief is mandatory).

---

[1] With a few exceptions that do not apply here, an alien is limited to only one motion to reopen, which he must file within 90 days of the final decision rendered in his case. See 8 C.F.R. § 1003.2(c)(2).

Bamisaiye could not overcome the time and number bars, and the BIA therefore denied his motion to reopen.

Bamisaiye now petitions this Court for review of the BIA's denial of this second motion to reopen.

## II.

The government contends that we lack jurisdiction to review Bamisaiye's petition. We review this issue de novo. Arias v. U.S. Att'y Gen., 482 F.3d 1281, 1283 (11th Cir. 2007). When reviewing the BIA's actions, we have explicit, statutory jurisdiction to review only "final order[s] of removal," 8 U.S.C. § 1252(a)(1), but "[i]mplicit in this jurisdictional grant is the authority to review orders denying motions to reopen any such final order." Patel v. U.S. Att'y Gen., 334 F.3d 1259, 1261 (11th Cir. 2003).

We are stripped of jurisdiction to review a "final order of removal," however, when it is "against an alien who is removable by reason of having committed a [listed] criminal offense." 8 U.S.C. § 1252(a)(2)(C). Among those offenses is an "aggravated felony" that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." See 8 U.S.C. § 1227(a)(2)(A)(iii); 8 U.S.C. § 1101(a)(43)(M)(i). Because "our jurisdiction to review denials of motions to reopen derives from our jurisdiction to review final orders of removal," Guzmon-Munoz v. U.S. Att'y Gen., 733 F.3d 1311, 1314 (11th Cir. 2013), a

4

"jurisdiction-stripping provision [that] would have deprived us of jurisdiction to entertain an attack on the final order of removal . . . [also] strips us of jurisdiction to entertain an attack on that order mounted through [the] filing of a motion to reopen." Patel, 334 F.3d at 1262. Notwithstanding these limitations, we always retain jurisdiction for the "review of constitutional claims or questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D).

The upshot is that our jurisdiction to review the BIA's denial of this second motion to reopen extends only so far as it did when we reviewed its dismissal of Bamisaiye's appeal. See 2013 Order. Bamisaiye conceded his aggravated felony conviction and his removability based on it. We therefore applied § 1252(a)(2)(C) to limit our review of that petition, holding that we had jurisdiction only for the review provided by § 1252(a)(2)(D) — review limited to constitutional claims or questions of law. See 2013 Order, slip op. at 3. The same is true here. See Patel, 334 F.3d at 1262 ("[W]here a final order of removal is shielded from judicial review, so, too, is a refusal to reopen that order."). Unlike in his first petition, however, Bamisaiye now presents a claim that is subject to our limited, § 1252(a)(2)(D) jurisdiction.

## III.

Bamisaiye presents no constitutional claims, but he has raised one question of law. He contends that the BIA failed to fully consider the evidence, presented in

5

his second motion to reopen his removal proceeding, that the circumstances in Nigeria had changed since the denial of his first motion to reopen. See Perez-Guerrero v. U.S. Att'y Gen., 717 F.3d 1224, 1231 (11th Cir. 2013) (holding that "whether the [BIA] failed to give reasoned consideration to [a petitioner's] claims" is a question of law) (quotation marks omitted).

Bamisaiye is right that the BIA's short opinion barely mentions the issue of changed circumstances. He is wrong that it needed to do more. Bamisaiye's second motion to reopen was both time- and number-barred, but he sought relief from these bars based on an exception for applicants seeking "withholding of deportation based on changed circumstances." See 8 C.F.R. § 1003.2(c)(3)(ii) (emphasis added). Citing its earlier acceptance of the IJ's finding that Bamisaiye's convictions were for "particularly serious crime[s]," the BIA noted in its denial that such a finding makes him "statutorily ineligible for relief from removal." See 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2). That was all the BIA needed to do because ineligibility based on "particularly serious" convictions forecloses relief under the changed circumstances exception, rendering irrelevant the question of whether circumstances in Nigeria had in fact changed. The BIA thus gave Bamisaiye's claim all the "reasoned consideration" it warranted. Perez-Guerrero, 717 F.3d at 1231.

**PETITION DENIED.**

6