**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11630

_____

SYLVESTRE ESTEEVEN POINT DU JOUR,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A096-143-564

_____

Before JORDAN and BRASHER, Circuit Judges, and GERAGHTY,* District Judge.

PER CURIAM:

Sylvestre Esteeven Point du Jour seeks review of the denial by the Board of Immigration Appeals of his motion to reopen. He argues (1) that the BIA erred in finding that he did not act with the diligence required for equitable tolling; (2) that diligence in this context is a legal issue reviewable *de novo*; and (3) that *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), is arbitrary, capricious, and violative of due process as applied in his case. The government, in turn, responds that some of Mr. Point du Jour's arguments were not exhausted or are not properly before us, and that the BIA did not err.

**I**

The Immigration and Nationality Act provides, in relevant part, that a court can review a final order of removal only if the noncitizen "has exhausted all administrative remedies available to the [noncitizen] as of right." 8 U.S.C. § 1252(d)(1). Because § 1252(d)(1) is a claims-processing rule, it is generally applied when—as here–it has been asserted by a party. *See Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023).

Exhaustion, however, is "not a stringent requirement." *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1298 (11th Cir. 2015). A

---

* Honorable Sarah E. Geraghty, United States District Judge for the Northern District of Georgia, sitting by designation.

petitioner "must have previously argued the core issue now on appeal before the BIA." *Id.* (internal quotation marks omitted). *See also Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016) ("A petitioner has not exhausted a claim unless he has both raised the 'core issue' before the BIA and also set out any discrete arguments he relies on in support of that claim.") (citations omitted).

We reject the government's contention that Mr. Point du Jour failed to exhaust his equitable tolling argument on appeal. He adequately presented the "core issue" that is now before us— whether his conduct demonstrated the due diligence required for equitable tolling—to the BIA in his motion to reopen. He therefore exhausted the issue. *See Jeune*, 810 F.3d at 800; *Indrawati*, 779 F.3d at 1298.

## II

For an immigration court to reopen a removal order based on ineffective assistance of counsel, a petitioner must establish both that (1) counsel's performance was deficient to the point that it impinged upon the fundamental fairness of the hearing, such that he was unable to reasonably present his case; and (2) counsel's deficiency prejudiced him. *See Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1274 (11th Cir. 2005). In *Matter of Lozada*, the BIA held that a motion to reopen based on a claim of ineffective assistance of counsel must also satisfy three procedural requirements. *See Matter of Lozada*, 19 I. & N. Dec. at 639, *overruled in part by Matter of Compean*, 24 I. & N. Dec. 710, 710 (A.G. 2009), *reinstated by Matter of Compean*, 25 I. & N. Dec. 1 (A.G. 2009).

Except for certain motions by battered spouses, children, and parents, a non-citizen may file only one motion to reopen his removal proceedings, and it must be filed "within 90 days of the date of entry of a final administrative removal order." 8 U.S.C. § 1229a(c)(7)(A) & § 1229a(c)(7)(C)(i). This 90-day deadline is not jurisdictional and is subject to equitable tolling. *See Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1362–64 (11th Cir. 2013) (en banc). "Generally, equitable tolling requires a litigant to show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Id.* at 1363 n.5 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

"As a general rule . . . agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *I.N.S. v. Bagamasbad*, 429 U.S. 24, 25–26 (1976). The BIA did not deny Mr. Point du Jour's motion to reopen based on the number-bar mentioned above. Nor did it deny the motion based on *Matter of Lozada*. These matters, therefore, are not properly before us and we dismiss the petition as to them. *See Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 20 (2020) ("It is a 'foundational principle of administrative law' that judicial review of agency action is limited to 'the grounds that the agency invoked when it took the action.'") (citation omitted). *See also Malu v. U.S. Att'y Gen.*, 764 F.3d 1282, 1290–91 (11th Cir. 2014) (explaining that, even when we "ordinarily . . . would have jurisdiction to

23-11630              Opinion of the Court                    5

review" a certain question, we lack jurisdiction to address it when doing so would "provide [only] an advisory opinion").[1]

## III

We ordinarily review the BIA's denial of a motion to reopen for abuse of discretion. *Sow v. U.S. Att'y Gen.*, 949 F.3d 1312, 1317 (11th Cir. 2020). Our review "is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006). And, as noted, we are confined to the grounds the BIA articulated. *See Regents of the Univ. of Cal.*, 591 U.S. at 20.

## A

Legal issues trigger plenary review, even when those issues are presented in the context of a motion to reopen. *See Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374 (11th Cir. 2007). *Accord Dacostagomez-Aguilar v. U.S. Att'y Gen.*, 40 F.4th 1312, 1315 (11th Cir. 2022) ("We review the Board's denial of a motion to reopen for an abuse of discretion, but review any underlying legal conclusions de novo."). The Supreme Court has held that "the application of a legal standard to undisputed or established facts" is a question of law. *See Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 227 (2020). In *Guerrero-Lasprilla*, for example, the Supreme Court concluded that a

---

[1] The BIA's 2018 opinion in Mr. Point du Jour's case addressed *Matter of Lozada*, but we denied Mr. Point du Jour's challenges to that ruling. *See Point du Jour v. U.S. Att'y Gen.*, 960 F.3d 1348, 1350–52 (11th Cir. 2020) (*Point du Jour I*). We lack jurisdiction to "review earlier trips through immigration proceedings." *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 870 (11th Cir. 2018).

claim that the BIA "incorrectly applied the equitable tolling due diligence to the 'undisputed' or established facts is a 'question of law' within the meaning of [8 U.S.C.] § 1252(a)(2)(D)." *Id.* at 226–27.

The Fourth Circuit recently held that when the BIA denies an equitable tolling request in a motion to reopen on the ground that the movant was "insufficiently diligent," a circuit court "ha[s] jurisdiction to review the BIA's decision and . . . must review it *de novo.*" *Williams v. Garland*, 59 F.4th 620, 624 (4th Cir. 2023). The First and Ninth Circuits also apply *de novo* review as to equitable tolling when the relevant facts are not disputed. *See Diaz-Valdez v. Garland*, 122 F.4th 436, 443 (1st Cir. 2024) ("Whether a given set of facts meets the standard for equitable tolling, however, is a legal question."); *Nkomo v. Att'y Gen.*, 986 F.3d 268, 272 (3d Cir. 2021) ("Application of the equitable tolling standard 'to undisputed or established facts' is a question of law that we review *de novo.*").

We agree that *de novo* review is appropriate here. The facts relating to Mr. Point du Jour's diligence for purposes of equitable tolling are undisputed, and we generally "review *de novo* the district court's 'application of equitable tolling law to the facts.'" *Thomas v. U.S. Att'y Gen.*, 992 F.3d 1162, 1179 (11th Cir. 2021) (citation omitted).

**B**

We have explained that "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 653 (2010)).

Diligence does not "require a [party] to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts." *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002). Nevertheless, a party seeking equitable tolling must "explain why [he] waited" as long as he did. *See United States v. Watkins*, 880 F.3d 1221, 1226 & n.2 (11th Cir. 2018).

Whether a party has been diligent is "a case-by-case" determination. *See Holland*, 560 U.S. at 649–50 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964)); *Cole v. Warden*, 768 F.3d 1150, 1156 (11th Cir. 2014) (same). Our cases do not differentiate between pursuing one's rights through judicial review as opposed to agency review. *See Avila-Santoyo*, 713 F.3d at 1363 n.5.

In rejecting equitable tolling, the BIA first noted that Mr. Point du Jour should have become aware of his appellate counsel's purported deficient performance in June of 2020, when we denied his petition for review in *Point du Jour I*, 960 F.3d at 1350–51. *See* A.R. 3. We denied that petition because Mr. Point du Jour had not, as required by the BIA's decision in *Matter of Lozada*, informed his initial immigration counsel of the ineffective assistance claim and given him a chance to respond. *See Point du Jour I*, 960 F.3d at 1350–51.

The BIA concluded that Mr. Point du Jour was not entitled to equitable tolling because he had not been diligent, as he waited almost an additional year after our decision in *Point du Jour I* to file the instant motion to reopen. *See* A.R. 3. It recognized that Mr. Point du Jour had filed a petition for rehearing en banc in the

Eleventh Circuit and then filed a petition for certiorari in the Supreme Court, but reasoned that these filings "did not excuse his failure to diligently pursue reopening before the B[IA]."  A.R. 3.

Mr. Point du Jour has explained that he delayed in filing the motion to reopen because he sought rehearing en banc in the Eleventh Circuit and then sought certiorari in the Supreme Court.  In *Galvez-Pineda v. Gonzales*, 427 F.3d 833, 839 (10th Cir. 2005), the Tenth Circuit, addressing diligence in pursuing a motion to reopen, held that a noncitizen must pursue alternative avenues of relief simultaneously: "Removable aliens are not permitted to delay matters by pursuing multiple avenues of relief seriatim when no reason suggests why they could not be pursued simultaneously."  As far as we can tell, no other circuit has considered the Tenth Circuit's decision in *Galvez-Pineda*.

The Tenth Circuit's requirement that administrative and judicial remedies be invoked simultaneously may be inconsistent with our precedent.  Our equitable tolling cases, as we pointed out earlier, require only reasonable diligence and do not mandate the pursuit of every available option at the same time.  *See Aron*, 291 F.3d at 712; *San Martin*, 633 F.3d at 1267; *Watkins*, 880 F.3d at 1226 & n.2.

Nevertheless, we need not decide today whether to follow *Galvez-Pineda*.  Here's why.

Mr. Point du Jour knew or should have known of the facts underlying his appellate counsel's alleged ineffective assistance when we denied his petition for review in June of 2020.  Assuming

that his petition for review triggered equitable tolling, he would have been reasonably diligent in filing his motion to reopen within 90 days of our decision in *Point du Jour I*. But he chose to wait and pursue further appellate remedies before both this court and the Supreme Court, all the while possessing the information necessary to file a motion to reopen based on his appellate counsel's performance. *See Reis v. U.S. Att'y Gen.*, 567 Fed. Appx. 727, 728 (11th Cir. 2014) ("[T]he INA does not delay the deadline for filing a motion to reopen simply because there are pending proceedings in this Court.").

The additional delay occasioned by the filing of the petition for rehearing en banc amounted to about one more month (from July 20, 2020, when the petition was filed, to August 26, 2020, when the petition was denied). Mr. Point du Jour then sought a writ of certiorari in the Supreme Court. This petition resulted in another six months of delay (almost four months from August 26, 2020, when the petition for rehearing en banc was denied, to January 23, 2021, when the petition for a writ of certiorari was filed, and almost two more months until March 20, 2021, when the certiorari petition was denied). And when the certiorari petition was denied, Mr. Point du Jour did not promptly file a motion to reopen with the BIA. He waited another three months, until June 21, 2021, to file his motion to reopen. These additional ten months far exceeded the 90-day period for filing a motion to reopen. Although Mr. Point du Jour was entitled to file a petition for rehearing en banc before this court and a petition for certiorari in the Supreme Court, the time for the filing and disposition of those petitions did not

constitute an extraordinary circumstance that warranted additional equitable tolling. *Cf. Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 660 n.19 (11th Cir. 1993) ("The inquiry into whether equitable concerns justify tolling the limitations period focuses on whether appellants knew or should have known that Buckeye's P&P system operated in a discriminatory manner, not on whether appellants had enough evidence to successfully prosecute their disparate impact claims at trial.").

"One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). Under the circumstances, Mr. Point du Jour did not act with reasonable diligence. Because our decision in *Point du Jour I* should have made him aware of his appellate counsel's performance, which gave rise to his ineffective assistance of counsel claim, we assume without deciding that the time period for filing a motion to reopen was equitably tolled until June 4, 2020. He therefore would have 90 days after that date to file his motion to reopen. He may not have needed to file a motion to reopen immediately after our denial of the petition for review, but he has not sufficiently explained why he needed another ten months.

## IV

We dismiss Mr. Point du Jour's petition insofar as it seeks to address the number bar and *Matter of Lozada* issues because the BIA did not pass on those matters.

23-11630               Opinion of the Court                    11

We deny the petition with respect to the equitable tolling issue.

**PETITION DISMISSED IN PART & DENIED IN PART.**

GERAGHTY, District Judge, Concurring Specially 23-11630

GERAGHTY, District Judge, Concurring Specially:

I concur in the result the majority reaches in this case and agree with much of its reasoning. I agree that *de novo* review is appropriate here and that "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). However, I write separately, with great respect for my colleagues, because I cannot concur in some of the reasoning the majority sets forth in Part III.B of its opinion. While I, like the majority, ultimately conclude that Mr. Point du Jour was insufficiently diligent to warrant equitable tolling, contrary to the majority, I believe that he was reasonably diligent in pursuing to its conclusion judicial review of the BIA's denial of his motion to remand before filing a subsequent motion to reopen.

As the majority recognizes, with respect to diligence, the "requirement that administrative and judicial remedies be invoked simultaneously may be inconsistent with our precedent." Maj Op. at 8–9. Nevertheless, the majority agrees with the BIA that Mr. Point du Jour was not sufficiently diligent because "he chose to wait and pursue further appellate remedies before both this court and the Supreme Court, all the while possessing the information necessary to file a motion to reopen based on his appellate counsel's performance." Maj Op. at 9.

This Court has never held, as far as the undersigned is aware, that pursuing nonfrivolous appellate relief fails to constitute reasonable diligence for equitable tolling purposes. Instead, we have

23-11630 GERAGHTY, District Judge, Concurring Specially        2

stated that "equitable tolling requires a litigant to show 'that he has been *pursuing his rights* diligently[.]'" *Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1363 n.5 (11th Cir. 2013) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (emphasis added).

In my view, seeking further appellate review, on advice of counsel, is a form of "pursuing [one's] rights" that is reasonably diligent in this context. *See Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) ("Typically, an alien is diligent if he continues to pursue relief and relies on the advice of counsel as to the means of obtaining that relief."). Indeed, we have stated that due diligence does not require a petitioner to pursue "every imaginable option, but rather to make reasonable efforts[,]" which is what Mr. Point du Jour did here by engaging in the appellate process. As our sister circuit has cautioned, "[t]he BIA should . . . take care not to apply the equitable tolling standard 'too harshly' because denying an alien the opportunity to seek cancellation of removal . . . 'is a particularly serious matter.'" *Lugo-Resendez v. Lynch*, 831 F.3d 337, 345 (5th Cir. 2016).

Looking to Petitioner's efforts across time, Mr. Point du Jour has taken repeated and extensive steps to pursue his legal rights throughout both the administrative and judicial process. On November 17, 2016, following several years of removal proceedings, an immigration judge set Mr. Point du Jour's trial for October 23, 2017, and set a deadline of January 31, 2017, for filing any applications for relief, including the adjustment of status with a waiver of

3        GERAGHTY, District Judge, Concurring Specially 23-11630

inadmissibility that Petitioner sought to apply for.[1]  Mr. Point du Jour's counsel, Anotonio Bugge, later obtained an extension of the filing deadline to March 15, 2017, and a subsequent extension to April 28, 2017.

According to Mr. Point du Jour's sworn statement, he called Mr. Bugge over 50 times to schedule a time to fill out the paperwork for his waiver application, but Mr. Bugge never called him back.  Suspecting that Mr. Bugge was trying to dodge his calls, Mr. Point du Jour even tried calling his lawyer from phone numbers other than his own, but whenever he reached Mr. Bugge, Mr. Bugge said he was in court and gave empty promises that he would call Mr. Point du Jour back.  Despite Petitioner's considerable efforts to have Mr. Bugge submit his waiver application, Mr. Bugge failed to timely file the application, and an immigration judge ordered Mr. Point du Jour removed on October 20, 2017.  It was only by calling the immigration court's phone number on his trial date, October 23, 2017, that Mr. Point du Jour discovered that he had been ordered removed.

Within less than a month, Mr. Point du Jour obtained new counsel and, on November 13, 2017, he filed a motion to remand with the BIA based on his lawyer's ineffective assistance of counsel.

---

[1] Point du Jour planned to seek a waiver of inadmissibility based on the "extreme hardship" his removal would cause his wife and children, who are United States Citizens.  *See* 8 U.S.C. § 1182(h); *Bamisaiye v. U.S. Att'y Gen.*, 589 F. App'x 433, 434 (11th Cir. 2014).  If granted, such a waiver would permit Point du Jour to remain in the country.

23-11630 GERAGHTY, District Judge, Concurring Specially        4

When the BIA denied Mr. Point du Jour's motion to remand, finding that his appellate counsel failed to comply with the procedural requirements of *Matter of Lozada*,[2] Mr. Point du Jour again obtained new counsel and timely appealed to this Court, timely sought rehearing en banc, and then timely applied for a writ of certiorari, which was denied on March 22, 2021. *See Point du Jour I*, 960 F.3d 1348 (11th Cir. July 20, 2020).

Until this point, viewing Mr. Point du Jour's course of conduct as a whole, *see Holland v. Florida*, 560 U.S. 631, 650 (2010) (noting that equitable tolling is evaluated on a "case-by-case basis"), I would find that he was reasonably diligent in pursuing his legal rights during and since his original lawyer's alleged misconduct. Our sister circuits have found reasonable diligence in cases where petitioners have pursued their rights less tenaciously than Mr. Point du Jour has. *See, e.g.*, *Gordillo v. Holder*, 640 F.3d 700, 705–06 (6th Cir. 2011) (holding that a failure to obtain additional legal counsel for four years before filing a motion to reopen based on ineffective assistance was still diligent under the circumstances); *Pervaiz v. Gonzalez*, 405 F.3d 488, 490–91 (7th Cir. 2005) (finding that a nine-month delay to find new counsel and file a new motion to reopen *may* have been diligent "bearing in mind that Pervaiz is a

---

[2] *Matter of Lozada* sets forth certain prerequisites for claiming ineffective assistance of counsel before the BIA. *See Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), *aff'd sub nom. Lozada v. Immigration and Naturalization Serv.*, 857 F.2d 10 (1st Cir. 1988).

5          GERAGHTY, District Judge, Concurring Specially 23-11630

foreigner who may, therefore, have more than the average diffi-culty in negotiating the shoals of American law . . . .").

In my view, requiring Mr. Point du Jour to pursue judicial review of a BIA decision while simultaneously filing a successive motion to reopen holds him to a heightened standard of "maxi-mum feasible diligence," rather than the appropriate yardstick of "reasonable diligence." Such a requirement for equitable tolling is unduly restrictive, especially under the circumstances present here. To satisfy the majority's rule, Mr. Point du Jour would have had to take inconsistent legal positions in two different tribunals, the fed-eral courts and the BIA, at the same time. In seeking rehearing en banc from this Court, and later a writ of certiorari from the Su-preme Court, Mr. Point du Jour argued that his appellate counsel before the BIA was not ineffective because she substantially com-plied with the requirements for bringing ineffective assistance of counsel claims set forth in *Matter of Lozada*. But in his motion to reopen before the BIA, Mr. Point du Jour was required to argue *precisely the opposite*—he had to contend that his appellate counsel provided ineffective assistance by failing to satisfy the requirements of *Matter of Lozada*. While there was no legal bar to Mr. Point du Jour taking these dueling positions simultaneously, it would have enabled the Government to severely undermine Mr. Point du Jour's position in each tribunal by pointing to his arguments in the other.[3]

---

[3] Whether Mr. Point du Jour could have shown an extraordinary circumstance for his delay during the pendency of the appeal is a separate question. *See Cadet*

23-11630  GERAGHTY, District Judge, Concurring Specially        6

Notwithstanding the concerns stated above, I ultimately agree with the majority's result because Mr. Point du Jour has not shown he was reasonably diligent by waiting three months *after the Supreme Court's denial of his petition for certiorari* to file his motion to reopen.[4]  Maj. Op. at 10.  Of course, depending on the circumstances, a three-month delay in filing a motion to reopen may not always preclude a finding of reasonable diligence.  *See, e.g., Zhao v. I.N.S.*, 452 F.3d 154, 159 (2d Cir. 2006) ("Although Zhao's third attorney took nearly three months from being retained to file Zhao's second motion to reopen, in the circumstances presented we conclude that he moved quickly enough to protect Zhao's rights.").  The problem here is that, by the time the petition for certiorari was denied, the 90-day statutory window had long since expired and Mr. Point du Jour had no cause for further delay.  Yet Mr. Point du Jour has not provided any explanation for why he waited three months after he exhausted his appeals to file his motion to reopen.  Nothing in the record of this case suggests a reason for waiting that long.  Although a party seeking equitable tolling is only required to

---

*v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1225 (11th Cir. 2017) (stating that "[t]he reasonable diligence and extraordinary circumstance requirements are not blended factors; they are separate elements[.]").  I do not discuss that question here because I do not read the BIA decision as having addressed the extraordinary circumstance prong of the equitable tolling analysis.

[4] Mr. Point du Jour's appeals were exhausted on March 22, 2021, when the Supreme Court denied his application for a writ of certiorari.  But he waited until June 21, 2021, to file a motion to reopen before the BIA arguing that his appellate counsel was ineffective by failing to satisfy the procedural *Matter of Lozada* requirements.  A.R. 2.

7            GERAGHTY, District Judge, Concurring Specially 23-11630

show reasonable diligence, not maximum feasible diligence, he must at least "explain why [he] waited" as long as he did. *See United States v. Watkins*, 880 F.3d 1221, 1226 & n.2 (11th Cir. 2018); *see also San Martin*, 633 F.3d at 1271 (faulting a petitioner for providing "absolutely no explanation for his delay"). As to the three-month delay following the Supreme Court's denial of certiorari and preceding the filing of his motion to reopen, Mr. Point du Jour has simply failed to furnish an explanation.

Accordingly, I join my colleagues in finding that Mr. Point du Jour was insufficiently diligent during the final three-month period before he filed his motion to reopen and therefore cannot receive equitable tolling.